**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| JOHN and TAMMY SAMP | ) | Case No.  13-45445 |
| | ) | |
| Debtors. | ) | Honorable Pamela S. Hollis |

**NOTICE OF MOTION**

To:     See Attached Service List

    YOU ARE HEREBY NOTIFIED that on March 5, 2014 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis, Room 644, 219 South Dearborn Street, Chicago, Illinois, and then and there ATTORNEY'S APPLICATION FOR COMPENSATION, a copy of which is attached hereto and herewith served upon you.

                                                                                                                          /s/ David R. Herzog

David R. Herzog
HERZOG & SCHWARTZ, P.C.
77 West Washington Street
Suite 1717
Chicago, Illinois  60602
(312) 977-1600

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, certifies that he caused to be served a copy of the foregoing instrument on the attached service list via the ECF filing system and/or by enclosing same in an envelope addressed to them, with postage fully prepaid, and by depositing the envelope in the U.S. Mail at 77 West Washington Street, Chicago, Illinois 60602, on this 11th day of February, 2014.

                                                                                                                           /s/ David R. Herzog

**SERVICE LIST**

Office of the U.S. Trustee
227 West Monroe Street
Room 3350
Chicago, Illinois  60606

Marilyn O Marshall
224 South Michigan Ste 800
Chicago, IL 60604
312-431-1300

Ally Bank
P.O. Box 13625
Philadelphia, PA 19101

Ally Financial
PO Box 130424
Roseville, MN 55113-0004

Deutsch Bank
c/o Ira Nevel
175 N. Franklin #201
Chicago, IL 60601

VW Credit
c/o Terri M. Long
2056 Ridge Road
Homewood, IL 60430

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No.** |
| | ) | **Hearing Date:** |
| **Debtor(s)** | ) | **Judge** |

### ATTORNEY'S APPLICATION FOR COMPENSATION FOR REPRESENTING CHAPTER 13 DEBTOR(S)
(Use for cases filed on or after 4/21/2011 through 8/20/2012)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**
The attorney and the debtor(s) ____ have ____ have not entered into the Court-Approved Retention Agreement.

**Attorney Certification:**
The attorney hereby certifies that:
1. All disclosures required by General Order 11-2 have been made, and
2. If a Flat Fee is requested, the attorney and the debtor have not entered into any agreements other than the Court-Approved Retention Agreement.

**Compensation for services previously awarded in this case:**
____ None      ____ a total of $ _____ , pursuant to orders entered on the following dates: _____ .

**Compensation for services now sought in this case:**

$ _____ flat fee for services through case closing       $ _____ for itemized services (itemization attached).

**Reimbursement now sought for expenses advanced by the attorney:**
$ _____ for filing fee paid by the attorney with the attorney's funds
$ _____ for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization attached)

$ _____ Total reimbursement for expenses requested.

**Additional expenses incurred in the case for which the attorney is not seeking reimbursement (either paid by the debtor(s) directly or paid by the attorney with funds provided by the debtor(s)):**
$ _____ for filing fee
$ _____ for other expenses, itemized as follows:
    $ _____ Describe expenses:
    $ _____ Describe expenses:
    (add more lines if needed)

$ _____ Total non-reimbursable expenses pre-paid by the debtor (this amount not to appear on fee order).

**Funds received from debtor for services and expenses advanced by the attorney:**
____ None
$ _____ for services
$ _____ for expenses advanced by the attorney

**Itemization of time:**     ____ Not submitted     ____ Attached to this application.

Date of Application: _____     Attorney's signature: _____

Form No. 23, revised 8/24/12

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
(Court-Approved Retention Agreement, revised as of March 15, 2011)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

## *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

## *AFTER THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

2

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly repre-sent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and com-pleteness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

### *ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES*

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of

$$\underline{\$\,2000.00\quad}.$$

Prior to signing this agreement the attorney has received $ 0.00_____, leaving a balance due of $ 2000.00_____. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☐ Any retainer received by the attorney will be treated as an advance payment, allowing the attorney to take the retainer into income immediately. The reason for this treatment is the following:

_____

In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date: _____

Signed: _____

_____          _____
Debtor(s)                                 Attorney for Debtor(s)

Do not sign if the fee amounts at top of this page are blank.

4

Form No. 23c

**B9I (Official Form 9I)** (Chapter 13 Case) (12/12)     Case Number **13–45445**

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

## *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines*
The debtor(s) listed below filed a chapter 13 bankruptcy case on 11/22/13.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors –– Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): | |
|---|---|
| John Samp<br>1919 E. Pawnee Lane<br>Mt. Prospect, IL 60056 | Tammy Samp<br>aka Tammy Matyas<br>1919 E. Pawnee Lane<br>Mt. Prospect, IL 60056 |
| Case Number: 13–45445<br>Office Code: 1 | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx–xx–2311<br>xxx–xx–9044 |
| Attorney for Debtor(s) (name and address):<br>David R Herzog<br>Herzog & Schwartz Pc<br>77 W Washington Suite 1717<br>Chicago, IL 60602<br>Telephone number: 312–977–1600 | Bankruptcy Trustee (name and address):<br>Marilyn O Marshall<br>224 South Michigan Ste 800<br>Chicago, IL 60604<br>Telephone number: 312–431–1300 |

## Meeting of Creditors:
Date: **January 21, 2014**     Time: **02:30 PM**

Location: **224 South Michigan, Suite 800, Chicago, IL 60604**

**All debtors are required to attend and bring a picture ID and proof of their Social Security Number to the 341 meeting.**

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**
For all creditors (except a governmental unit): **4/21/14**     For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002(c)(1)): **5/21/14**

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

**Filing of Plan, Hearing on Confirmation of Plan and Attorney Fees**
The debtor has filed a plan. The plan or a summary of the plan is enclosed. The hearing on confirmation and to consider a request by debtor's counsel for payment of legal fees will be held:

Date: **February 12, 2014**, Time: **10:30 AM**, Location: **219 South Dearborn, Courtroom 644, Chicago, IL 60604**

**The Disclosure of Compensation has not been filed at this time.**
If there are no objections, the Court may confirm the plan and allow fees requested by debtor's counsel to be paid through the plan.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 3/24/14**

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| **Address of the Bankruptcy Clerk's Office:**<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604<br>Telephone number: 1–866–222–8029 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Kenneth S. Gardner |
|---|---|
| Hours Open: Monday – Friday 8:30 AM – 4:30 PM | Date: December 10, 2013 |

**EXPLANATIONS**      B9I (Official Form 9I) (12/12)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form ("Official Form B 10") can be obtained at the United States Courts Web site: (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid, you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

–– Refer to Other Side for Important Deadlines and Notices ––